**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 5, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARK GAMBRILL,

      Plaintiff - Appellee,

v.

UNIFIED GOVERNMENT OF
WYANDOTTE COUNTY/KANSAS
CITY, KANSAS; RICK ARMSTRONG,
Chief of Police, in his official and
individual capacities; JAMES BROWN,
Assistant Chief of Police, in his official
and individual capacities; GREG
LAWSON, in his official and individual
capacities, Captain; CURTIS
NICHOLSON, in his official and
individual capacities, Captain; KEVIN
STEELE, Assistant Chief of Police, in
his official and individual capacities;
MICHAEL YORK, in his official and
individual capacities, Captain; TERRY
ZEIGLER, Assistant Chief of Police, in
his official and individual capacities,

      Defendants - Appellants.

No. 14-3229
(D.C. No. 2:11-CV-02699-KHV)
(D. Kan.)

TRUNG HOANG,

      Plaintiff - Appellee,

v.

UNIFIED GOVERNMENT OF
WYANDOTTE COUNTY/KANSAS
CITY, KANSAS; RICK ARMSTRONG,
Chief of Police, in his official and
individual capacities; JAMES BROWN,
Assistant Chief of Police, in his official

No. 14-3233
(D.C. No. 2:14-CV-02407-KHV)
(D. Kan.)

and individual capacities; GREG LAWSON, Captain, in his official and individual capacities; CURTIS NICHOLSON, Captain, in his official and individual capacities; KEVIN STEELE, Assistant Chief of Police, in his official and individual capacities; MICHAEL YORK, Captain, in his official and individual capacities; TERRY ZEIGLER, Assistant Chief of Police, in his official and individual capacities,

        Defendants - Appellants.

---

JEFFERY GARDNER,

        Plaintiff - Appellee,

v.

UNIFIED GOVERNMENT OF WYANDOTTE COUNTY/KANSAS CITY, KANSAS; RICK ARMSTRONG, Chief of Police, in his official and individual capacities; JAMES BROWN, Assistant Chief of Police, in his official and individual capacities; GREG LAWSON, Captain, in his official and individual capacities; CURTIS NICHOLSON, Captain, in his official and individual capacities; KEVIN STEELE, Assistant Chief of Police, in his official and individual capacities; MICHAEL YORK, Captain, in his official and individual capacities; TERRY ZEIGLER, Assistant Chief of Police, in his official and individual capacities,

        Defendants - Appellants.

No. 14-3234
(D.C. No. 2:14-CV-02406-KHV)
(D. Kan.)

2

MICHAEL MILLS,

      Plaintiff - Appellee,

v.

UNIFIED GOVERNMENT OF
WYANDOTTE COUNTY/KANSAS
CITY, KANSAS; RICK ARMSTRONG,
Chief of Police, in his official and
individual capacities; JAMES BROWN,
Assistant Chief of Police, in his official
and individual capacities; GREG
LAWSON, Captain, in his official and
individual capacities; CURTIS
NICHOLSON, Captain, in his official
and individual capacities; KEVIN
STEELE, Assistant Chief of Police, in
his official and individual capacities;
MICHAEL YORK, Captain, in his
official and individual capacities;
TERRY ZEIGLER, Assistant Chief of
Police, in his official and individual
capacities,

      Defendants - Appellants.

No. 14-3235
(D.C. No. 2:14-CV-02408-KHV)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

_____

[*]  After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). These cases are therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **GORSUCH**, **MURPHY**, and **McHUGH**, Circuit Judges.

     After another panel of this court issued *Callahan v. Unified Government of Wyandotte County*, 806 F.3d 1022 (10th Cir. 2015), we asked the parties to present supplemental briefs on the question whether that decision controls the disposition of these cases. In their submission, the appellants argue that *Callahan* controls, noting that these cases and that one arise from the same facts and involve the same legal claims. The appellees do not dispute the appellants' position but encourage us to revisit the merits of *Callahan* because it was wrongly decided. The appellees' invitation, of course, is one we must decline, for a later panel of this court is bound by the decision of an earlier panel. *See, e.g.*, *LeFever v. C.I.R.*, 100 F.3d 778, 787 (10th Cir. 1996). Finding *Callahan*'s guidance controlling, we follow its direction. And so we reverse the district court's denial of qualified immunity to the individual defendants and dismiss the Unified Government's appeals for lack of jurisdiction. *See Callahan*, 806 F.3d at 1024.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge

4